

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **TOKI MARIE SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **2:23-cv-00541-LSC** |
| **MARTIN O'MALLEY,** | ) | |
| **Acting Commissioner,** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OF OPINION

### I.      Introduction

On July 20, 2023, Toki Marie Smith ("Smith" or "Plaintiff") filed with the Clerk of this Court a complaint against the Acting Commissioner of the Social Security Administration ("Commissioner" or "Defendant"). (Doc 1.) This is an appeal from all administrative denials of the Plaintiff's application for social security benefits. (Tr. at 8.) Plaintiff timely pursued and exhausted her administrative remedies, and the decision of the Commissioner is ripe for judicial review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

### II.     Background

Smith obtained a high school education but did not pass the graduation

examination. (Tr. at 237.) She has worked as a certified nursing assistant, housekeeper, receptionist, and babysitter. (Tr. at 262-64, 538, 613, 1106.) Smith was forty-four years old at the time of her application for disability insurance benefits on May 7, 2021. (Tr. at 503.) Upon filing, Smith alleged she was disabled due to a herniated disk, depression, anxiety disorder, PTSD, piriformis syndrome, sciatica, and carpal tunnel. (Tr. at 537.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for a period of disability and DIB. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the claimant is engaged in substantial gainful activity ("SGA"). *Id*. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the claimant's medically determinable physical and mental impairments. *Id*. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments not classified as "severe" and do not satisfy the

durational requirements outlined in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *Id.* The decision depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial evidence in the record" adequately supported the finding that the claimant was not disabled).

Similarly, the third step requires the evaluator to consider whether the claimant's impairment or combination of impairments meets or is medically equal to one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. *Id.*

If the claimant's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the claimant's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the claimant has the RFC to perform the requirements of her past relevant work ("PRW"). *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant's impairment or combination of impairments does not prevent her from performing her PRW, the evaluator will make a finding of not disabled. *Id.*

The fifth and final step requires the evaluator to consider the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work. *Id.* at §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can perform other work, the evaluator will find her not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the claimant cannot perform other work, the evaluator will find her disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the Administrative Law Judge ("ALJ") first established that Plaintiff has not engaged in SGA since her alleged disability onset date, June 23, 2020. (Tr. at 13.) Next, the ALJ found that Plaintiff's degenerative disc disease, major depressive disorder with psychotic features, posttraumatic stress disorder, obesity, a bone spur in the left clavicle, and piriformis syndrome were "severe impairments." (Tr. at 13-14.) However, the ALJ found that these impairments neither met nor were medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 14.) Specifically, Plaintiff's impairments, when considered singly and in combination, failed to meet the level of severity in broad areas of functioning outlined in Paragraph B. *Id.* Plaintiff had mild limitations in understanding, remembering, or applying information. *Id.* The ALJ found moderate limitations in (1) interacting with others, (2) ability to concentrate, persist or maintain

pace, and (3) the ability to adapt or manage herself. (Tr. at 14-15.) Following

this determination, the ALJ established that Plaintiff has the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the individual can occasionally climb ramps and stairs, stop, kneel, crouch, and crawl; this individual should never climb ladders, ropes or scaffolds; this individual could frequently handle with her bilateral extremities; this individual can occasionally reach overhead with her left non-dominant upper extremity; this individual can have only occasional exposure to extremes of cold as well as full body vibration; this individual should have no exposure to hazards such as unprotected heights and hazardous machinery; this individual would be able to understand, remember and carry out simple instructions and tasks; this person can tolerate changes in the workplace that are infrequent and gradually introduced; and this person can have occasional work-related interaction with supervisors, coworkers, and the general public.

(Tr. at 15-16.)

Relying on the testimony of a vocational expert ("VE"), the ALJ

determined that Plaintiff is unable to perform any of her past relevant work.

(Tr. at 22.) However, the ALJ stated, "[c]onsidering the claimant's age,

education, work experience, and residual functional capacity, there are jobs

that exist in significant numbers in the national economy that the claimant can

perform," including garment folder, garment sorter, and merchandise marker.

(Tr. at 22-23.) From these findings, the ALJ concluded the five-step evaluation

process by stating that Plaintiff "has not been under a disability, as defined in

the Social Security Act, from June 23, 2020," Plaintiff's original alleged disability onset date, "through the date of this decision." (Tr. at 23.)

## III. Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). This Court gives deference to the factual findings of the Commissioner, provided that those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for the Commissioner's. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial

evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J.,

dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).

Indeed, even if this Court finds that the proof preponderates against the

Commissioner's decision, it must affirm if the decision is supported by

substantial evidence. *See Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894

F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard

[for review of claims], it is imperative that th[is] Court scrutinize the record in

its entirety to determine the reasonableness of the decision reached." *Bridges*

*v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d

881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal

standards is grounds for reversal. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th

Cir. 1984) (citing *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982)),

*superseded on other grounds by Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892

(11th Cir. 2022).

## IV.    Discussion

Plaintiff argues that the ALJ's decision should be reversed and remanded

for three reasons: (1) the ALJ failed to properly consider all of the evidence in

the Plaintiff's case in determining the Plaintiff's severe impairments and

Residual Functioning Capacity ("RFC"); (2) the Appeals Council failed to

consider new evidence that the Plaintiff submitted and erred in denying the Plaintiff's request for review; and (3) there was a lack of substantial evidence to support the ALJ's finding that Plaintiff's subjective complaints were not fully credible. (Doc. 6 at 3.)

### A. The Record Supports the ALJ's Determination of Plaintiff's Education Level, Mental Impairments, and Physical Impairments

Smith argues that the ALJ failed to properly consider all of the evidence when deciding that the claimant lacks a severe impairment and determining the RFC. Plaintiff points to contradictory evidence regarding the claimant's education level while also arguing the ALJ improperly discounted the claimant's medical records and acted as both a judge and physician. (Doc. 6 at 8-10.)

#### a. Education Level

A claimant's education level is considered at step five to help determine whether a claimant can perform substantial gainful work in the economy. 20 C.F.R. § 416.920(g). Under the Social Security Regulations, one of the vocational factors used to determine whether a claimant can obtain substantially gainful employment is the claimant's education level. 20 C.F.R § 404.1564. The Commissioner uses four mutually exclusive categories for describing the claimant's education level: (1) illiteracy; (2) marginal education; (3) limited education; and (4) high school education and above. *Id.*

The numerical grade level that a claimant has completed may not be determinative of a claimant's ability to meet vocational requirements. *See* 20 C.F.R. § 404.1564(a). Other factors an ALJ may consider include past work experience and the responsibilities the claimant had while working, which can show intellectual abilities even with little formal education. *See id.* The Regulations require that only "if there is no other evidence to contradict [claimant's education level], we will use your numerical grade level to determine your educational abilities." 20 C.F.R. § 404.1564(b).

The Regulations provide a clear definition of a high school education: "[h]igh school education and above means abilities in reasoning, arithmetic, and language skills acquired through formal schooling at a 12th-grade level or above. We generally consider that someone with these educational abilities can do semi-skilled through skilled work." 20 C.F.R. § 404.1564(b)(4).

Plaintiff appears to point to evidence that would contradict the ALJ's determination that the claimant has "at least a high school education" in that the claimant was enrolled in special education classes and never passed the Alabama High School Graduation Exam. (Doc. 6 at 8-9; *see also* tr. at 237.) In furtherance of this argument, Plaintiff cites case law that, while relevant, is immaterial. Even though an ALJ must consider all relevant evidence, they are not required to "mention every snippet of evidence in the record, [however] the

ALJ must connect the evidence to the conclusion . . . [and] he may not ignore entire lines of contrary evidence." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010); *see also Henry v. Comm's of Soc. Sec.,* 802 F.3d 1264, 1267 (11th Cir. 2015).

The record, including Smith's testimony and reports, amply support this assertion. While failing to pass a graduation exam or being enrolled in special education classes may be contrary evidence, these factors are not determinative when deciding a claimant's education level. The ALJ's conclusion that the claimant has a high school education is supported by the claimant's testimony and prior work experience. (Tr. at 22, 237.)

First, Plaintiff claims she began college after graduating from high school, which would require a high school education. (Tr. 1106.); *see also Brightmon v. Soc. Sec. Admin., Comm'r,* 743 Fed. App'x[1] 347, 354 (11th Cir. 2018). (Plaintiff's testimony and report that he had a high school education was substantial evidence to support ALJ's finding that Plaintiff had a high school education).

Second, Smith's prior work experience and current activities support the ALJ's determination that Plaintiff has a high school education. *See* 20 C.F.R. § 404.1564(b)(4). Plaintiff previously held jobs as a certified nurse assistant, a

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." U.S. Ct. of App. 11th Cir. Rule 36-2.

semi-skilled position, a babysitter, and a housekeeper. (Tr. at 261-63.) Plaintiff can care for herself, cook, and attend church. (Tr. at 19, 241-42, 770, 774.)

Third, although no formal testing was completed during the screening of the claimant, a mental evaluator estimated that the claimant was operating within the average range of intelligence based on her education, fund of information, and vocabulary. (Tr. at 1108.)

For the reasons above, the ALJ properly considered Smith's level of education, and substantial evidence supports the determination that she has a high school education.

### b. Mental Impairments

The Plaintiff also alleges that regarding her mental impairments, (1) the ALJ "glossed over" records from Western Mental Health Center; (2) discounted the findings from Stephen Long in comparison to others and should have given his findings more weight; and (3) the ALJ erred in giving incorrect weight to each medical opinion. (Doc. 6 at 13-14.)

To be found disabled, Plaintiff had to demonstrate that she was unable to engage in any substantial gainful activity because of a medically determinable physical or mental impairment expected to result in death or to last twelve or more continuous months. *See* 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 404.1505. At step two, the ALJ had to determine whether Plaintiff had a medically

determinable impairment or combination of " severe " impairments." 20 C.F.R.

§§ 404.1520(c), 416.920(c). An impairment or combination of impairments is

"severe" within the meaning of the regulations if it significantly limits an

individual's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). An

impairment or combination of impairments is "not severe" when medical and

other evidence establishes only a slight abnormality or a combination of slight

abnormalities which would have no more than a minimal effect on an

individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security

Ruling(s) ("SSR"s) 85-28. The burden of showing that an impairment or

combination of impairments is "severe" rested at all times with Smith, as the

Plaintiff. *Turner v. Comm'r of Soc. Sec.*, 182 F. App'x 946, 948 (11th Cir. 2006)

(citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). Because Plaintiff

bore the burden of proving she had a severe impairment, she thus had the

burden of establishing the prerequisite for finding a severe impairment, i.e., the

existence of a medically determinable impairment. *See Doughty*, 245 F.3d at

1280.

The record must include evidence from acceptable medical sources to

establish the existence of a medically determinable impairment. *See* 42 U.S.C. §

423(d)(5)(A); 20 C.F.R. §§ 404.1513(a), 416.913(a) ("An individual's statement

as to pain or other symptoms shall not alone be conclusive evidence of

disability . . .; there must be medical . . . findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities . . . ."); *see also* 20 C.F.R. § 404.1502 (defining symptoms, signs, and laboratory findings).

For claims filed after March 27, 2017, 20 C.F.R. §§ 404.1520c and 416.920c declare that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." Under this new regulatory scheme, the ALJ is not required to assign more weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion. 20 C.F.R. § 404.1520c.

To Plaintiff's first point, the ALJ is not required to discuss every piece of evidence, so long as the decision is not a "broad rejection" that would prevent the court from finding that the ALJ considered the claimant's medical condition "as a whole." *Truesdell v. Comm'r of Soc. Sec.*, No. 20-13416, 2022 WL 401548 (11th Cir. Feb. 10, 2022). Since Plaintiff filed this claim after March 17, 2017, the ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the Plaintiff's own] medical

sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a) (2017). Pertinent case law has interpreted this regulation and has said an "ALJ need not use any magic words in discussing whether a medical opinion is supported by evidence from the medical source himself and whether the opinion is consistent with other evidence of record." *Thaxton v. Kijakazi,* NO. 1:20-cv-00616-SRW, 2022 WL 983156, at *25-26 (M.D. Ala. Mar. 30, 2022).

The ALJ noted that Smith had been treated by Western Medical Health Center since 2019. (Tr. at 18.) Additionally, the ALJ noted that Western Mental Health reported Smith was pleasant and cooperative with normal speech. (*Id.)* Accordingly, the ALJ's decision explicitly considered evidence from Western Mental Health Center and gave grounds for her decision that were rooted in other opinions. (Tr. at 18-20.)

Next, Smith argues that the ALJ owed more weight to the medical opinions of Dr. Stephen Long, Joanna Koulianos, PhD, and George Grubbs, PsyD. Per the Regulations discussed above, the ALJ is not required to assign more weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion. *See Matos v. Comm'r of Soc. Sec.,* No. 21-11764, 2022 WL 97144, (11th Cir. Jan. 10, 2022); *see* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Additionally, even though the ALJ found Dr. Long's opinion to be unpersuasive, the ALJ did not "totally discount"

Dr. Long's findings. (Tr. at 21.) Dr. Long's findings were evaluated in the ALJ's decision, and therefore not grounds for reversal.

### c. Physical Impairments

Plaintiff also contends that the ALJ failed to consider all of the available evidence of the claimant's past medical history involving physical injuries. (Doc. 6 at 17-20.) Specifically, records produced by OrthoAlabama contained an MRI performed on the claimant and Dr. Marquisha Jarmon's opinion regarding the claimant's impairments. (*Id.*)

Here, the opinion of OrthoAlabama was not outright rejected and was used in the ALJ's decision. (Tr. at 18.) The ALJ referred to records from OrthoAlabama regarding Smith's spondylosis, lumbar interverbal disc disorder with radiculopathy and steroid injections. (*Id.*) Also, the ALJ referenced Exhibit 20F, OrthoAlabama records, pertaining to Smith's lumbar spine. (*Id.*) Per the Regulations described above, the ALJ is not required to give OrthoAlabama's records any more weight than other medical opinions found in the record, regardless of whether the physician examined the claimant. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a) (2017).

The Plaintiff argues next that the ALJ should not have discounted the findings of Dr. Jarmon's evaluation and, instead, relied on the findings of Dr. James Bailey. (Doc 6 at 19.) Since Plaintiff's claim was filed after March 27,

2017, the ALJ is not required to give any specific evidentiary weight to any medical opinions. The ALJ considered Dr. Jarmon's findings, thus no error exists.[2]

In conclusion, the ALJ did not make an error in assigning weight to any of the opinions found in the record.

### B. Appeals Council Review

With few exceptions, a claimant may present new evidence at each stage of the administrative process, including to the Appeals Council. *See* 20 C.F.R. §§ 404.900(b), 416.1400(b). However, the Appeals Council will consider additional evidence only if the Plaintiff demonstrates good cause for not submitting the evidence or informing the Commissioner. 20 C.F.R. § 404.970(b). The additional evidence must be "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a); *see also* 81 FR 90987 (explaining the new rules are effective January 17, 2017).

Further, the Commissioner's internal policy guides the meaning of "material" and chronological relevance and what it means for the Appeals

---

[2] Plaintiff cites *Spencer v. Heckler* in their complaint. 765 F.2d 1090 (11th Cir. 1985). This case does not apply here as the court applied pre-2017 Regulations.

Council to determine whether there is not a reasonable probability that the additional evidence would change the outcome of the decision. Hearings, Appeals, and Litigation Law Manual ("HALLEX"), § I-3-3-6, 1993 WL 643129 (May 1, 2017). The HALLEX explains that additional evidence is "material" if it is "relevant, i.e., involves or is directly related to issues adjudicated by the ALJ." *Id*. It explains that additional evidence "relates to the period on or before the date of the hearing decision" (i.e., is chronologically relevant), "if the evidence is dated on or before the date of the hearing decision, or the evidence post-dates the hearing decision but is reasonably related to the time period adjudicated in the hearing decision." *Id*. The HALLEX also explains that the Appeals Council "will evaluate the entire record along with the additional evidence to determine whether there is a reasonable probability that the additional evidence will change the outcome of the decision." *Id.* Nonetheless, the Appeals Council has discretion to deny review of the ALJ's decision. *See* 20 C.F.R. §§ 404.967, 416.1467.

The ALJ issued her decision on November 8, 2022. (Tr. at 23.) Smith subsequently submitted two pieces of evidence to the Appeals Council: (1) medical records from UAB West Freestanding; and (2) copies of medical records from Alabama Orthopedic Spine and Sports. (Tr. at 2.) The Appeals

Council denied Plaintiff's request for review based on the fact that the new evidence would not change the outcome of the decision. *Id.*

Plaintiff challenges this determination, claiming that the Appeals Council adopted the findings of the ALJ without adequately evaluating the newly submitted evidence in light of the decision of the ALJ. (Doc. 6 at 19-20.)

The newly submitted additional evidence consists of two records. (Tr. at 2.) First, on October 16, 2021, Plaintiff presented to UAB Medical West to have a mass on her leg looked at. (Tr. at 984.) The record also indicates that Plaintiff had labeled her back pain as "negative" at this appointment (Tr. at 985.)

Second, on March 23, 2022, Plaintiff went to OrthoAlabama with the chief complaint of lower back pain that radiates into her legs with an "uncontrollable" pain with a level of ten out of ten. (Tr. at 1121.) A lumbar epidural was later performed on April 13, 2022. (*Id.*) At a follow-up appointment, Plaintiff reiterated her previous symptoms: issues with prolonged standing and issues with sleep and housework. *Id.*

When considered with the whole record, this evidence does not show evidence of a new condition, nor does it create a reasonable probability that the ALJ would change her decision. *See Mitchell v. Commissioner of Social Sec. Admin.*, 771 F.3d 780, 783 (11th Cir. 2014) (when newly submitted evidence shows a new condition, the Court has the ability of reversal); *Cf Mann v.*

*Gardner*, 380 F.2d, 182, 185-186 (5th Cir. 1967).  The record examined by the ALJ already demonstrated an acknowledgment of generalized lower back pain, such as the claimant's use of a cane while walking and the MRI results taken of the claimant's back. (Tr. at 17-18.) Moreover, the ALJ considered the many opinions of other medical professionals in her determination regarding the claimant's back impairments. (Tr. at 18-23.)

Since the UAB Freestanding and OrthoAlabama records do not present substantial new evidence warranting a remand, it is unlikely these records would alter the ALJ's decision, especially given the information already considered. Thus, the appeals council's refusal is proper and no error exists.

### C.  Substantial Evidence and Claimant's Testimony

Plaintiff argues that the ALJ's determination that the claimant's testimony was not credible lacks support of substantial evidence, and therefore, the entire testimony should be accepted as true. (Doc. 6 at 20-21.)

Smith's subjective complaints alone are insufficient to establish a disability. *See* 20 C.F.R. §§ 404.1529(a), 416.929(a); *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991). Subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if it is supported by medical evidence. *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). The Eleventh Circuit applies a three-part pain standard when

Plaintiff claims disability due to pain or other subjective symptoms. The Plaintiff must show (1) evidence of an underlying medical condition and (2) either (a) objective medical evidence that confirms the severity of the alleged symptoms arising from the condition, or (b) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged symptoms. *See* 20 C.F.R. §§ 404.1529(a), (b), 416.929(a), (b); Page 27 of 36 SSR 16-3p, 2016 WL 1119029; *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). Before an ALJ can discredit a Plaintiff's statements, the ALJ must clearly "articulate explicit and adequate reasons." *See Dyer*, 395 F.3d at 1210 (quoting *Foote*, 67 F.3d at 1561).

A credibility determination is a question of fact subject only to limited review in the courts to ensure the finding is supported by substantial evidence. *See Hand v. Heckler*, 761 F.2d 1545, 1548–49 (11th Cir. 1985), *vacated for rehearing en banc*, 774 F.2d 428 (11th Cir. 1985), *reinstated sub nom.*, *Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986). Courts in the Eleventh Circuit "will not disturb a clearly articulated finding supported by substantial evidence." *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (citing *Foote*, 67 F.3d at 1562). However, a reversal is warranted if the decision contains no indication of the proper application of the credibility standard applied. *See Owens v. Heckler*, 748 F.2d 1511 (11th Cir. 1984). "The question is

not . . . whether [the] ALJ could have reasonably credited [Plaintiff's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.,* 421 Fed. App'x 935, 939 (11th Cir. 2011).

Here, the ALJ noted that the impairments underlying Plaintiff's medical conditions could be reasonably expected to cause some of her alleged symptoms, satisfying the first part of the pain standard. (Tr. at 16.) However, the ALJ found that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. *Id.* The ALJ covered a variety of evidence to support her conclusion, including objective medical evidence and the claimant's subjective complaints. (Tr. at 17-21.) Substantial evidence supports the ALJ's conclusion in this case. ALJs are not required to "specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered the claimant's medical condition as a whole.'" *Mitchell*, 771 F.3d at 782 (quoting *Dyer*, 395 F.3d at 1211) (alteration in original).

The ALJ begins by noting that the claimant's application alleges disability based on shoulder and back pain, along with mental illness; hypertension, hyperlipidemia, asthma, major depressive disorder, obesity, and low back pain;

a diagnosis for piriformis syndrome; left shoulder pain; a herniated disc from an accident while working that resulted in surgery and that the pain was a ten of a pain scale of zero to ten; failure to do household chores; lumbosacral pain with radiculopathy into her left leg; being unable to sit and stand for prolonged periods; and experiencing auditory hallucinations. (Tr. at 17-19, 253.)

The ALJ noted that Smith sought medical treatment at Alabama Regional Medical Services in 2019 for hypertension, hyperlipidemia, asthma, major depressive disorder, obesity, and low back pain. (Tr. at 16.) The claimant reported pain relief from medication and yoga but was later diagnosed with piriformis syndrome. *Id.* The claimant reported shoulder pain and imaging showing a small osteophyte formation for which the claimant was prescribed physical therapy. *Id.* Mental heath records indicate that at the time of evaluation, the claimant cared for her grandchildren while their parents worked and handled household chores. *Id.*

The ALJ notes that in October 2021, the claimant sought medical care from Dr. Timothy Weber for back pain, assigning the pain a ten out of ten, and that she could not do household chores. *Id.* The claimant reported a five-pound lifting limit from a prior surgery for carpal tunnel. *Id.* Also, Claimant reported anxiety, depression, and PTSD. *Id.* The claimant was assessed with a herniated disc/sciatica, piriformis syndrome, carpal tunnel syndrome, depression,

anxiety, and PTSD. *Id.* Dr. Weber also noted that the claimant had no limitation with sitting or standing and limited the claimant to frequent walking and a five-pound carrying limitation. *Id.*

The ALJ noted that the claimant underwent another consultative examination in April 2022 by Dr. Marquisha Jarmon and Nurse Practitioner Dana Free. *Id.* While at the examination, the claimant reported chronic back pain and sciatica. *Id.* Along with the pain, the claimant reported she could not squat or bend over, that she could only sit for up to ten minutes before needing to move, and that she could only walk a distance of up to twenty-five feet. *Id.* The claimant reported walking hunched over with a cane, which caused her neck pain. *Id.* The claimant disclosed she never went to physical therapy prescribed by Dr. Weber for her piriformis syndrome. *Id.* The claimant had full grip strength, a positive leg raise, and could pick up and manipulate small objects. *Id.* Dr. Jarmon stated that the claimant's impairments were chronic and limiting. *Id.*

The ALJ noted that additional records from 2022 show that the claimant complained of lumbosacral pain with radiculopathy in her left leg. *Id.* An MRI showed spondylosis and lumbar intervertebral disc disorder with radiculopathy, and she was given steroid injections. *Id.* Records showed the claimant was using a cane for ambulation; however, records since then have

demonstrated normal ambulation. *Id.* However, the claimant was still using a cane. *Id.* As the record contains substantial evidence regarding Plaintiff's physical impairments, there is adequate support, and no error.

Regarding the claimant's mental conditions, the ALJ noted that the claimant was treated at Western Mental Health Center beginning in 2019. *Id.* At that time, the claimant admitted to not receiving mental health treatment in several years and was taking Lexapro. *Id.* Also, at the time, the claimant spent a lot of time with her grandchildren, reading books and watching crime shows. *Id.* Throughout 2020, the claimant kept busy to distract herself from depression by cleaning and playing games on her phone. *Id.* Western Mental Health noted that the Claimant was calm, pleasant, and cooperative in late 2020 and had a fluid thought process. *Id.* In a need to move on from the death of a family member, the claimant began smoking marijuana. *Id.*

The ALJ noted that in October 2021, the claimant presented to Stephen Long for a mental status examination. (Tr. at 19.) The claimant stated she could not perform household chores due to back pain but was able to care for her hygiene. *Id.* The claimant denied hobbies and reported watching TV during the day and playing video games on her phone. *Id.* The claimant reported that her depression and anxiety were both a ten out of ten. *Id.* Mr. Long reported that the claimant had a logical thought process and demonstrated adequate

memory. *Id.* Mr. Long also noted she had limited concentration but reasonable insight and judgment and diagnosed the claimant with unspecified depressive disorder and unspecified psychotic disorder. *Id.* Mr. Long opined that the claimant had moderate to markedly severe limitations. *Id.* Again, the record contains substantial evidence regarding the plaintiff's mental impairments, and therefore, there is no error.

**V.    Conclusion**

Upon review of the administrative record and considering Plaintiff's argument, this Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

**DONE** and **ORDERED** on June 13, 2024.

L. Scott Coogler
United States District Judge

215708